UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANN CHAUDHRY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FAMILY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Cause No. C20-6005RSL <br><br> ORDER |

This matter comes before the Court on plaintiffs' objections to a notice of intent to claim a lien filed by their former attorney, Matthew B. Edwards. Dkt. # 27 and # 28. Mr. Edwards filed the above-captioned insurance coverage litigation in Thurston County Superior Court on behalf of plaintiffs in September 2020. Defendant removed the matter to federal court on October 9, 2020, and three weeks later Mr. Edwards notified plaintiffs that he intended to withdraw from the representation. Plaintiffs obtained the services of other counsel, and Mr. Edwards' filed a notice of his "intent to claim a lien against this action, any judgment in this action, and any proceeds payable or due to the Chaudhrys in the hands of adverse parties in this action, to secure our claim for payment for amounts that may be due to us arising out of our representation of and/or the special agreement we entered into with the Chaudhrys." Dkt. # 13. The notice does not assert a present claim, it does not state that amounts are actually due and

ORDER - 1

owing, it does not reveal the terms of the representation agreement, and it does not state the principal amount for which the lien is claimed.

A year later, on February 1, 2022, defendant filed a notice of settlement. The case was dismissed "without prejudice to the right of any party upon good cause shown within sixty (60) days hereof to reopen this cause if the reported settlement is not consummated." Dkt. # 26. On March 30, 2022, the Chaudhrys objected to Mr. Edwards' notice of intent to claim a lien, arguing that their former attorney had abandoned them when he concluded that the lawsuit would not be successful, that he had no equitable claim to settlement proceeds that were obtained through the work of others, and that Mr. Edwards waived any claim for monies, funds, or reimbursements of any kind in exchange for plaintiffs' agreement not to oppose his motion for withdrawal. The action was dismissed with prejudice on or about April 4, 2022. Mr. Edwards has made no effort to pursue the lien raised in January 2021.

RCW 60.40.010(1)(d) creates a statutory lien for attorney compensation "[u]pon an action . . . and its proceeds after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement." An attorney with a lien under subsection (1)(d) "has the option of asserting a lien to ensure payment without necessitating a separate lawsuit." *Davis v. Wash. State Dep't of Soc. & Health Servs.*, No. 2:17-CV-00062-SMJ, 2021 WL 4341124, at *1 (E.D. Wash. Apr. 27, 2021). "Once an attorney's lien attaches to an action, that lien 'is superior to all other liens' and 'is not affected by settlement of the parties until the lien is satisfied in full.'" *Ferguson Firm, PLLC v. Teller & Assocs., PLLC*, 178 Wn. App. 622,

ORDER - 2

631 (2013) (quoting *Smith v. Moran, Windes & Wong, PLLC*, 145 Wn. App. 459, 466–67 (2008)). "When valuing services performed by an attorney who was discharged or otherwise prevented from fully performing under a contingent fee agreement, the court must consider the value of the 'services actually performed' by the attorney rather than relying on the contingent fee agreed upon. *In re Alexander*, No. 19-01326-FPC7, 2020 WL 5649277, at *3 (Bankr. E.D. Wash. Sept. 21, 2020) (quoting *Ross v. Scannell*, 97 Wn.2d 598, 608-09 (1982)). "A proceeding to enforce a lien is an equitable proceeding," in which courts have broad discretion. *King Cnty. v. Seawest Inv. Assocs., LLC*, 141 Wn. App. 304, 314 (2007).

      Mr. Edwards' notice of an intent to claim a lien is deficient in a number of respects, the most important being that no actual claim was asserted and no amount was stated. Even if those deficiencies could be corrected at this late date, because there was no judgment entered and the action has now been compromised, Mr. Edwards' only possible claim would be to the "proceeds" of the action. Although "proceeds" are broadly defined for purposes of the attorney's lien statute in general, "[o]nce proceeds come into the possession of a client, such as through payment by an opposing party . . . the term 'proceeds' is limited to identifiable cash proceeds determined in accordance with RCW 62A.9A-315(b)(2)." RCW 40.60.010(5).

//

//

ORDER - 3

Mr. Edwards failed to effectively preserve his lien rights as to any amount by filing a notice of intent regarding amounts that "may [or may not] be due." Nor has he identified "the proceeds [of the settlement] by a method of tracing" as required by RCW 62A.9A-315(b)(2). Plaintiffs' objections (Dkt. # 27 and # 28) are therefore SUSTAINED, and Mr. Edwards' notice of intent to claim a lien (Dkt. # 13) is STRICKEN.

Dated this 1st day of February, 2023.

Robert S. Lasnik
United States District Judge

ORDER - 4